MARY J. CROSBY v. WILLIAM B. PATTON and Another.

April 20, 1899.

Nos. 11,491—(40).

Promissory Note—Indorsers—Notice of Protest.

In an action against the indorsers of a promissory note, *held*, it does not appear from the evidence that notice of dishonor was mailed to them within the time prescribed by the law merchant, and therefore the court below correctly found for defendants.

Appeal by plaintiff from a judgment of the municipal court of Duluth, in favor of defendants, entered pursuant to the findings and order of Gearhart, Special Judge. Affirmed.

*John Q. A. Crosby,* for appellant.

*Roger S. Powell,* for respondents.

CANTY, J.

One Willard executed his promissory note to the order of Patton & Frank for $160, payable at the National Bank of Commerce of Duluth, Minnesota. Before the note came due, Patton & Frank indorsed it to plaintiff. At the time the note was made, and at the time it was so indorsed, the National Bank of Commerce was a banking corporation having a well-known place of business at Duluth; but, before the maturity of the note, the bank closed its doors, went into voluntary liquidation, vacated its said place of business, and the same was thereafter occupied by another concern, engaged in a different kind of business. During all of said times, until the time of his death, Willard was a resident of Mankato, Minnesota; and after the execution of the note, and a year before its maturity, he made an assignment for the benefit of his creditors, under the insolvency law, and his assignee qualified and accepted the trust. Willard died a short time before the maturity of the note, and at the time of its maturity his will had been filed for probate, but had not been probated, and no executor or administrator had been appointed.

Prior to its maturity, the plaintiff delivered the note for collection to the American Exchange Bank of Duluth. The latter bank sent

it for that purpose to a bank at Mankato, and the Mankato bank placed it in the hands of a notary public, to demand payment and give notice of nonpayment. On the due day, January 11, 1898, he demanded payment of the assignee of Willard, which was refused. He so certified, and further certified as follows:

"And I, the said notary, do hereby certify that, on the same day and year above written, due notice of the foregoing protest was put into the post office at Mankato, Minn., as follows: 'Notice for Patton and Frank, address not known to me, inclosed with American Exchange Bank, Duluth, Minn.'"

Patton & Frank resided at Duluth. The officers and employees of the latter bank testify that they received the notice for Patton & Frank, and mailed it to that firm, in an envelope addressed to the firm at that city, postage duly prepaid. But it does not appear from the evidence when the notice was so received, or when it was so mailed, or whether it was so mailed within one day or within twenty days after it was so received, except that it was so mailed between January 10, 1898, and the last day of that month.

We will consider one question only: Does it appear from the evidence that this notice was mailed in time? According to the law merchant, when the holder of the note and the person entitled to notice reside at different places, the notice of dishonor must be deposited in the mail not later than the next day after the demand of payment is made. 2 Daniel, Neg. Inst. §§ 1039–1041. Whether the time taken in sending the notice by the notary from Mankato to the Exchange Bank of Duluth counts for anything in extending the time for mailing the notice to Patton & Frank, we will not consider. If any notice was given to the indorsers, Patton & Frank, it was the mailing of this notice to them by the latter bank at Duluth. But, as we have seen, it does not appear that this notice was mailed on the next day after dishonor, or even on the next day after it was received by the latter bank, and therefore the court below correctly held that no notice of presentment and nonpayment was ever given to defendants.

Judgment affirmed.